IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BARNITA P. VANN, )
)
        Plaintiff, )
) 13 C 1058
   v. )
) Judge Virginia M. Kendall
CATHOLIC BISHOP OF CHICAGO, a/k/a )
FRANCIS CARDINAL GEORGE, FR. )
NICHOLAS DESMOND, THOMAS MOORE, )
JANE ANDERSON, ANDERSON & MOORE, )
P.C. )
        Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Barnita P. Vann ("Vann") filed a Complaint with this Court and simultaneously moved to proceed *in forma pauperis* without the full prepayment of filing fees. For the reasons stated herein, Vann's Motion to Proceed *In Forma Pauperis* is denied and her complaint is dismissed.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(a), the Court may authorize Vann to proceed *in forma pauperis* if she is unable to pay the mandated court fees. Vann need not be penniless to proceed *in forma pauperis* under § 1915(a)(1). *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Instead, she is eligible to proceed *in forma pauperis* if payment of the filing fee will prevent her from providing for life's necessities. *See Id.* According to her financial affidavit, Vann is not currently employed and has not been employed since September 2007. Vann does not own real estate or any additional items of personal property worth over $1,000, nor does she have more than $200 in cash in a checking or savings account. According to her financial affidavit, Vann

1

earns $600 per month: $200 through public assistance and $400 through "other self-employment." Based on these facts, Vann's financial affidavit sets forth her inability to pay the mandated court fees.

The Court, however, must look beyond Vann's financial status. Section 1915 requires the Court to review an action of a plaintiff who seeks to proceed *in forma pauperis* and dismiss the action if it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if the plaintiff seeks damages from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). *See also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003).

When evaluating whether a plaintiff has stated a claim in the context of an application for leave to proceed *in forma pauperis*, the court applies the same standard as that for a motion to dismiss under Rule 12(b)(6). *See, e.g., Allen v. JP Morgan Chase*, 2010 WL 1325321 at *1 (N.D. Ill. 2010) (citing *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000)). When considering a Rule 12(b)(6) motion, the Court treats all well-pleaded allegations as true and draws all inferences in favor of the non-moving party. *In re marchFIRST Inc.*, 589 F.3d 901, 904 (7th Cir. 2009). To properly state a valid claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). *See also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true ... 'state a claim to relief that is plausible on its face.'"*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To determine whether a complaint meets this standard the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678. If the factual allegations are well-pleaded, the Court assumes their veracity and then turns to determine whether they plausibly give rise to an

entitlement to relief. *See Id.* A claim has facial plausibility when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Id.* at 678. However, "courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

## DISCUSSION

In this case, Vann's Complaint fails as a matter of law and must be dismissed because she has failed to state a cognizable claim that may be heard by this Court. For the most part, Vann's Complaint is incomprehensible. It appears to the Court that the crux of Vann's Complaint is that she was wrongfully evicted from a property by the Catholic Bishop of Chicago ("CBC") and its agents (collectively, "Defendants") after lease arrangement between the CBC and a non-profit organization known as People Reaching Out Center ("PRO Center") turned sour. In her seven-count Complaint, Vann alleges that: (1) the CBC does not have the power to sue pursuant to the Special Charter Not For Profit Corporations Act (the "Act'), 805 ILCS 125, rending a previous judgment against her in state court case void; (2) Defendants violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505, *et seq.* by holding property for non-charitable purposes despite receiving tax exemptions as a charitable institution; (3) Defendants breached their contract with PRO Center by forcing residents to leave the property before the end of the lease term; (4) Defendants engaged in common law fraud by misrepresenting their tax exemption and charitable purpose; (5) Defendants engaged in forcible entry in violation of 735 ILCS 5/9-101 by placing locks on the doors of the property in which Vann resided; (6) a Motion to Dismiss granted in favor of Defendants in her state court action against them was fraudulently executed and procured; and (7) her Due Process rights under the Fifth and Fourteenth

Amendment were violated by CBC, which receives substantial financial assistance from the government and is recognized as a tax-exempt organization by the United States Department of Treasury and under Illinois law.

Vann's Complaint suffers from a number of defects. First, Counts I and VI of the Complaint do not state a cause of action at all. Rather, they simply express Vann's disagreement and discontent with the adverse rulings she received in her state court case. If it is Vann's position that the Illinois Appellate Court erred in its interpretation of the Act or that the dismissal of her case was fraudulently procured, Vann must pursue her claims further by appealing to the Illinois Supreme Court, not by filing a separate action in this Court.

Second, Vann fails to show that she has standing to bring her claims, at least with respect to Counts II, III, and IV of her Complaint. "Standing exists when the plaintiff suffers an actual or impending injury, no matter how small; the injury is caused by the defendant's acts; and a judicial decision in the plaintiff's favor would redress the injury." *Bauer v. Shepard*, 620 F.3d 704, 708 (7th Cir. 2010) (citing *Summers v. Earth Island Inst.*, 555 U.S. 488 (2009), and *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998)). Whether standing exists is a paramount inquiry into a court's subject matter jurisdiction over a case, as the threshold question in every federal case is "determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). With respect to Counts II and IV, Vann's Complaint does not explain how a finding that Defendants misrepresented their tax status would redress her injury. With respect to Vann's breach of contract claim (Count III), "only a party to a contract, or one in privity with a party, may sue on a contract." *Law Offices of Colleen M. McLaughlin v. First Star Nat'l Corp.*, 963 N.E.2d 968, 975 (Ill. App. Ct. 2011) (citing *Landau, Omahana & Kopka, Ltd. v. Franciscan Sisters Health Care Corp.*, 752 N.E.2d 570 (2001)). Vann does not allege to have been a party

to the lease or explain the basis for her right to sue under the contract. To the extent Vann may claim to have standing as a third party beneficiary to the lease, such an individual may only sue under a contract "when the benefit is directed to [her], not when it arises only incidentally from the contract." *Wilde v. First Fed. Sav. and Loan Ass'n of Wilmette*, 480 N.E.2d 1236, 1242 (Ill. App. Ct. 1985) (citing *Carson Pirie Scott & Co. v. Parrett*, 178 N.E. 498 (Ill. 1931), and *Exchange Nat'l Bank of Chicago v. Harris*, 466 N.E.2d 1079 (Ill. 1984)). Vann's Complaint contains no allegations that even under a liberal construction could be interpreted to suggest the lease was directed to benefit her.

Third, Vann's claims are barred by res judicata. Vann admits that she has litigated this matter at length in state court to no avail and that her claims have been dismissed in state court for failure to state a claim. Vann states that on December 21, 2009, the appellate court dismissed her appeal in her lawsuit against CBC and its agents. It is unclear when this cause of action was originally filed. Vann initiated another action against Defendants on December 7, 2011. In that action, Vann alleged that she was wrongfully and illegally evicted and that the CBC does not have the power to sue pursuant to the Special Charter Not For Profit Corporations Act (the "Act'), 805 ILCS 125, rending the judgment in her first case void. On March 29, 2012, the Defendants filed a Motion to Dismiss, explaining that the Act does not revoke the Catholic Bishop's status as a corporation that possesses the power to sue and be sued. On July 25, 2011, the state court granted Defendants' Motion to Dismiss. For res judicata to apply, three factors are necessary: (1) an identity of the parties or their privies; (2) an identity of the cause of action; and (3) a final judgment on the merits in the earlier action. *See Johnson v. Cypress Hill*, 641 F.3d 867, 873-74 (7th Cir. 2011); *Prochotsky v. Baker & McKenzie*, 966 F.2d 333, 334 (7th Cir. 1992). Here, Vann admits to having previously litigated her seven-count Complaint against the

5

same Defendants in state court. Vann further admits that her case was dismissed by the trial court for failure to state a claim and by the appellate court for want of prosecution. Under both Illinois and federal law, a dismissal for failure to state of claim operates as a disposition on the merits for *res judicata* purposes. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n. 3 (citing *Angel v. Bullington*, 330 U.S. 183, 190 (1947), and *Bell v. Hood*, 327 U.S. 678 (1946)); *Ryburn v. People*, 811 N.E.2d 1209, 1212 (Ill. App. Ct. 2004) (citing *Bond v. Dunmire*, 473 N.E.2d 78, 82 (Ill. 1984)).

The fourth and most prominent defect in Vann's Complaint is that Vann alleges only one federal cause of action in her Complaint (Count VII) and that cause of action alleges constitutional violations against a private non-profit entity. As private actors, Defendants are not constitutionally cognizable defendants under the Fifth and Fourteenth Amendments of the United States Constitution. *See DeShaney v. Winnebago Cty Dep't of Soc. Svcs.*, 489 U.S. 189, 195-95 (1989) ("[N]othing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors …. [it] was intended to prevent government from abusing its power or employing it as an instrument of oppression.") (internal quotations omitted); *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982) ("[The Fourteenth] Amendment erects no shield against merely private conduct, however discriminatory or wrongful.") (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948)); *Pub. Util. Comm'n of D.C. v. Pollak*, 343 U.S. 451, 461 (1952) (addressing Fifth Amendment). The fact that Defendants receive financial assistance from governmental entities and receive their tax exempt status from the U.S. Treasury and under Illinois law does not change their status for the purposes of the Fifth and Fourteenth Amendment. *See, e.g., Madry v. Sorel*, 558 F.2d 303, 305 (5th Cir. 1977) (finding that private, non-profit, tax exempt hospital built on land purchased from the

6

government at a nominal price and paid for with federal funds and funds received from public fund-raising was not a government actor, explaining that "the receipt of financial assistance, in and of itself, is not a sufficient nexus to make the acts of the hospital equal to the acts of the state"); *Greco v. Orange Mem. Hosp. Corp.*, 513 F.2d 873, 876, n. 3 (5th Cir. 1975) (finding that non-profit tax exempt entity was not a state actor based on its receipt of government funds because "[f]ederal financial assistance does not bring an otherwise private facility within the parameters of … the Fourteenth Amendment."); *Sanford v. Robins Federal Credit Union*, No. 5:12-CV-306 (MTT), 2012 WL 5875712, at *2 (M.D.Ga. Nov. 20, 2012) (private, non-profit corporation chartered by the National Credit Union Administration pursuant to the Federal Credit Union Act is not a government actor). Accordingly, Vann's constitutional claims fail because they are made against parties that are not constitutionally cognizable defendants under the Fifth and Fourteenth Amendment.

Without a valid claim under federal law, the only surviving allegations from Vann's Complaint arise under state law. Therefore, this Court's jurisdiction over those claims is limited to the circumstances outlined in 28 U.S.C. § 1332, which grants jurisdictions over claims that do not arise under federal law where there is complete diversity of parties and the statutory amount-in-controversy is met, and 28 U.S.C. § 1367, which grants supplemental jurisdiction over pentant state-law claims where jurisdiction is otherwise proper over a related federal claim. Vann does not assert diversity jurisdiction under § 1322. Nor does § 1367 permit supplemental jurisdiction over Vann's state law claims because there are no remaining claims over which this Court has original jurisdiction.

## CONCLUSION

For the reasons stated, the Court finds that Vann's Complaint, even under a most generous construction, fails as a matter of law. Vann's Complaint is therefore dismissed for failure to state a claim and her Motion to Proceed *In Forma Pauperis* is denied pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: March 25, 2013